## No. 902

### STOUT v. TOBIAS.

Ohio Appeals, 6th Dist., Sandusky Co.
No. 191.  Decided Nov. 7, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

708. LEASES—851. Notice—Where lease contains provisions, "Second party shall have privilege of four additional years at $35.00 per month, payable as above stated." Notice of intention to hold for extended term not necessary.

Error to Common Pleas.

Judgment affirmed.

R. A. Hunsinger and A. V. Baumann, Fremont, for Stout.

Culbert & Culbert, Fremont, for Tobias.

STATEMENT OF FACTS.

The original action was commenced by Stout against Tobias before a justice of the peace. It was to recover possession of certain premises claimed by defendant under a lease and extension thereof. The justice of the peace rendered a judgment for the plaintiff ordering restitution of the premises. Error was prosecuted to the Court of Common Pleas, where judgment was reversed and final judgment rendered in favor of the tenant.

The lease was for a period of one year, and contained the following provision:

"Second party shall have privilege of four additional years at $35.00 per month, payable as above stated."

The landlord's complaint was filed promptly on the expiration of the one-year term, contending that the tenant had no right to any extended term because no notice had been given of his election to hold the premises beyond the original term.

The lease itself contains no provision requiring the tenant to give notice of his election to hold for the extended term.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

RICHARDS, J.

The rule applicable in such cases is stated in 16 R. C. L. 894 as follows: "* * * likewise it is held that where a lessee having a general privilege of extending the lease, holds over even without any notice to the lessor of his election to extend the lease for the further

term, his holding over constitutes such an election and he is entitled, as against the lessor, to hold for the further term."

The same principle is stated in 35 C. J., 1036. See also: Gross v. Clauss, 6 Oh. Ap. 140.

Counsel for plaintiff in error rely on Mack v. Eckerlin, 17 C. D. (27 CC.) 133. That case, however, was one in which the lease provided for a renewal, while the lease in the case at bar simply gives the tenant the privilege of four additional years, and contains no requirements for a renewal. The authorities are substantially uniform that, where the tenant has the privilege of an extension, no notice is necessary and the election is exercised by simply holding **over.**

Finding no prejudicial error the judgment of the Court of Common Pleas will be affirmed.

(Williams and Lloyd, JJ., concur.)